**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HUSSEIN A. YASSINE**, | § § | |
| *Petitioner*, | § § | |
| v. | § | **EP-20-CV-00225-DCG** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY**, | § § § | |
| *Respondent*. | § § | |

## ORDER DISMISSING CASE

On this day, the Court *sua sponte* considered this case. On August 13, 2020, *pro se* Petitioner Hussein A. Yassine ("Petitioner") filed this petition for habeas corpus under 28 U.S.C. § 2241 challenging his current detention pending removal proceedings by the United States Immigration and Customs Enforcement ("ICE"). At the time of filing this action, Petitioner was detained at the Otero County Processing Center in Chaparral, New Mexico.

While this petition was pending, in communications with the Court, counsel for Respondent Department of Homeland Security ("DHS") informed the Court that Petitioner was released on an Order of Supervision in Miami on January 21, 2021. To date, Petitioner has not filed a notice of address change.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v.*

---

[1] Pursuant to Local Rule CV-10(d), a party proceeding *pro se* "must timely inform the court of any change in the party's . . . mailing address . . . . The Court may sanction a party for the party's . . . failure to do so, including dismissal of the party's claims or defenses." W.D. Local R. CV-10(d).

-2-

*McCormack*, 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined.  *Lane v. Williams*, 455 U.S. 624, 631 (1982).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."  *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

The only relief Petitioner sought with his petition was the "immediate release from custody" while his removal proceedings remain pending.  Since Respondent released Petitioner on an order of supervision, his only ground for relief is now moot and this Court lacks jurisdiction to consider his petition.

Accordingly, **IT IS ORDERED** that Petitioner Hussein A. Yassine's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241" (ECF No. 1) is **HEREBY DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**So ORDERED and SIGNED this 2nd day of March 2021.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**